IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80767 |
| | ) | |
| PAUL J. TEGEDER, and | ) | CH. 11 |
| TERRY LEE TEGEDER, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

Hearing was held in Omaha, Nebraska, on May 14, 2007, on the First Amended Chapter 11 Plan filed by Debtors (Fil. #62), and an Objection to Confirmation of Plan filed by the U.S. Trustee (Fil. #69). David G. Hicks appeared for Debtors, Jerry L. Jensen appeared for the U.S. Trustee, and Frank M. Schepers appeared on behalf of United Joint Venture, et al. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

For the reasons discussed below, I find that the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii) does not prevent confirmation of a plan where the individual debtors are retaining pre- and post-petition assets.

### *Background*

Debtors own and operate two businesses and most of their debt is business debt. This case was commenced as a Chapter 11 proceeding on June 5, 2006. On March 9, 2007, Debtors' First Amended Chapter 11 Plan (Fil. #62) and Disclosure Statement (Fil. #63) were filed. The Disclosure Statement was approved by an Order dated April 2, 2007 (Fil. #64).

The amended plan provides for eight classes of creditors. Classes 1, 2, and 3 are unimpaired secured creditor classes. Classes 4-8 are impaired under the amended plan. According to the balloting summary attached as Exhibit A to the affidavit of Debtors' counsel in support of the plan (Fil. #73), the plan was either accepted (or in the case of unimpaired creditors, deemed accepted) by all classes other than Class 7, the general unsecured creditor class. In that class, three ballots were cast, all of which rejected the plan.

The amended plan provides for payment to general unsecured creditors on a pro rata basis "from the amount of money available – considering Debtors' Schedules 'I' and 'J', the monthly payment obligation to Classes 4, 5, 6 and 8, and the Debtors' obligations pursuant to IRS Notice 2006-83 – without interest, in quarterly installments, over a period of three years, commencing upon the completion of payment of allowed secured, priority, stipulated and administrative claim payments as provided in this Plan." The Disclosure Statement indicates that such payments will be made between the 84th and 120th months of the 120-month plan. Debtors' counsel argues that the

foregoing provision is intended to pay unsecured creditors the full amount of Debtors' disposable income in the last three years of a 10-year plan.

The U.S. Trustee does not dispute that all requirements for plan confirmation pursuant to 11 U.S.C. § 1129(a) have been satisfied, except for § 1129(a)(8), which provides that each class must have either accepted the plan or is not impaired under the plan. Since Class 7, the general unsecured creditor class, did not accept the plan and is impaired under the plan, the plan may only be confirmed pursuant to the "cram down" provisions of 11 U.S.C. § 1129(b). The question presented in this case is whether the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), prevents confirmation of a plan under which Debtors are retaining assets.

### *Discussion*

When an impaired class has rejected a plan, the plan can still be confirmed under the cram down provisions of 11 U.S.C. § 1129(b), which provides as follows:

(1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

(2) For purposes of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

. . . (B) With respect to a class of unsecured claims –

(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

Thus, in order to be confirmed under the cram down provisions, the plan must not discriminate unfairly and be fair and equitable with respect to each impaired class rejecting the plan. In order to be fair and equitable, the unsecured claims must be paid in full or the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii) must be followed. The U.S. Trustee argues that the rights and interests of Debtors are junior to the claims of the unsecured creditors class and, therefore, Debtors

cannot confirm a plan under which they retain any property under the absolute priority rule. In this case, Debtors are retaining all of their property, both pre-petition and post-petition property and earnings.

One of the BAPCPA changes to the Code created an exception to the absolute priority rule by stating "except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115 . . . ."

Section 1115 is a new section added by BAPCPA, which provides as follows:

§ 1115. Property of the estate

(a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541 –

(1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

Thus, § 1115 is clear that property of the estate in a case in which the debtor is an individual includes the property described in § 541 (which includes, but is not limited to, all legal or equitable interests of the debtor in property as of the commencement of the case), as well as post-petition property and earnings. Since § 1115 broadly defines property of the estate to include property specified in § 541, as well as property acquired post-petition and earnings from services performed post-petition, the absolute priority rule no longer applies to individual debtors who retain property of the estate under § 1115. Although there do not appear to be any reported decisions directly on point, several commentators agree with this conclusion. One stated:

The absolute priority requirements imposed by Code 1129(b)(2)(B)(ii) were waived by permitting a debtor to retain property included in the estate under 1115. Although 1115 was added by the 2005 Amendments to include post-petition property and earnings, it also incorporates property of the estate under 541, and accordingly it is assumed that the debtor shall be entitled to retain property under 541 as well. A more narrow interpretation would cause this amendment to have little effect.

Hon. William L. Norton, Jr., 4 *Norton Bankruptcy Law & Practice 2d* § 84A:1 (database updated March 2007, available on Westlaw); *see also* Hon. W. Homer Drake, Jr., *Bankruptcy Practice for the General Practitioner* § 12:27 n.28 (database updated September 2006, available on Westlaw) (stating that for cases filed after October 17, 2005, § 1129(b)(2)(B)(ii) provides "that, if the debtor

-3-

is an individual, the debtor may retain property of the estate . . . without violating the absolute priority rule, provided the debtor has satisfied any amounts owed under a 'domestic support obligation'"); Rosemary E. Williams, 3 *Bankruptcy Practice Handbook* § 14:152 n.1 (2d ed., database updated June 2006, available on Westlaw) (stating that the amendment to 1129(a)(15) "seems to remove individual debtors from compliance with the absolute priority rule . . . .").

Of course, even though the absolute priority rule no longer prevents an individual debtor from retaining property in order to confirm a plan under the cram down provisions, the plan must still meet the "fair and equitable" test. On this point, no assertion has been made that the plan is not fair and equitable. Further, Debtors' counsel noted during the hearing that based upon current projections, there would be approximately $167,000.00 of allowed claims in the objecting unsecured creditors class, and those claims would be paid approximately $160,000.00, which is a return of over 95%. That return far exceeds the projected return under a Chapter 7 liquidation of approximately $23,000.00. It will be several years before Debtors have any disposable income and payments are projected to commence to unsecured creditors, but Debtors have proposed a 10-year plan in order to provide for a significant return to unsecured creditors after payment of priority and secured classes. The 10-year term of the plan far exceeds the minimum 5-year disposable income requirement of 11 U.S.C. § 1129(a)(15)(B).[1]

For the foregoing reasons, I find that the amended plan is fair and equitable as to the unsecured creditor class and should be confirmed. As a result of the foregoing decision, it is not necessary to reach the "new value" argument asserted by Debtors in support of confirmation.

Separate confirmation order to be entered.

DATED: May 23, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
        *David G. Hicks
        Jerry L. Jensen/U.S. Trustee
        Frank M. Schepers
Movant(*) is responsible for giving notice to other parties if required by rule or statute.

---

[1]The U.S. Trustee did not raise any issue as to whether the amended plan meets the new disposable income test under 11 U.S.C. § 1129(a)(15) which incorporates the definition of disposable income under § 1325(b)(2). Therefore, for purposes of this decision, it will be assumed that the plan language satisfies the disposable income test.